1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   chaes@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Plaintiff and Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10 In re                              | Case No. 8:17-bk-12832-CB

11 MAGGIE LIU,                        | Chapter 7

12              Debtor.               | Adv. No. 8:18-ap-01066-CB

13 ─────────────────────────────

14 RICHARD A. MARSHACK, Chapter 7 Trustee,   | PLAINTIFFS' NOTICE OF MOTION AND
                                              MOTION FOR SUMMARY JUDGMENT
                      Plaintiff,              OR, IN THE ALTERNATIVE, SUMMARY
15 v.                                         ADJUDICATION OF ISSUES;
                                              MEMORANDUM OF POINTS AND
16 VINCENT JUE.                               AUTHORITIES IN SUPPORT;
                                              DECLARATION OF D. EDWARD HAYS
17                   Defendant.               IN SUPPORT

18                                       | [Filed Concurrently with Statement of
                                           Uncontroverted Facts and Conclusions of
19                                         Law]

20                                       | Date:   January 8, 2019
                                           Time:   1:30 p.m.
21                                         Crtrm: 5D

22 TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY COURT

23 JUDGE, DEFENDANT AND HIS COUNSEL OF RECORD, THE OFFICE OF THE UNITED

24 STATES TRUSTEE, AND ALL INTERESTED PARTIES:

25         PLEASE TAKE NOTICE that on January 8, 2019, at 1:30 p.m., in Courtroom 5D, of the

26 United States Bankruptcy Court located at 411 W. Fourth Street, Santa Ana, CA , before the

27 Honorable Catherine E. Bauer, Plaintiff, Richard A. Marshack, in his capacity as Chapter 7 Trustee

28 ("Plaintiff" or "Trustee") of the Bankruptcy Estate ("Estate") of Maggie Liu ("Debtor"), moves

                                          1

pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 56 of the Federal Rules of Civil Procedure, for summary judgment or, in the alternative, summary adjudication with regard to the claims for relief set forth in his Complaint and all related Affirmative Defenses raised by Defendant in his Answer. The Motion seeks to avoid, recover, and preserve a judgment lien that was recorded during the preference period for the benefit of creditors of the Estate.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of D. Edward Hays, and the Separate Statement of Uncontroverted Facts and Conclusions of Law filed concurrently, all pleadings and other materials on record in this case, and all other evidence that may be presented at or before the hearing of the Motion. If you do not oppose the Motion, you need take no further action. If you oppose the Motion, you must file and serve an Opposition along with a Statement of Genuine Issues supported by admissible evidence not later than 21 days prior to the hearing.

PURSUANT TO LOCAL BANKRUPTCY RULES 7056-1(c) AND 9013-1(a)(1) AND (h), IF YOU FAIL TO TIMELY FILE OPPOSITION, THE COURT MAY DEEM SUCH FAILURE TO BE CONSENT TO THE MOTION AND THE COURT MAY TREAT EACH ALLEGED UNDISPUTED MATERIAL FACT PROPOSED BY PLAINTIFF TO BE ADMITTED.

Dated: November 27, 2018          MARSHACK HAYS LLP


                                  By: */s/ D. Edward Hays*
                                     D. EDWARD HAYS
                                     LAILA MASUD
                                     Attorneys for Plaintiff and Chapter 7 Trustee
                                     RICHARD A. MARSHACK

## Memorandum of Points and Authorities

Plaintiff, Richard A. Marshack Plaintiff ("Plaintiff"), submits this Memorandum of Points and Authorities in Support of his motion filed pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 56 of the Federal Rules of Civil Procedure, for summary judgment or, in the alternative, summary adjudication.

## 1.    Summary of Argument

Where there is no triable issue of material fact, summary judgment may be granted. In this case, Defendant recorded a writ of attachment entered in a Contract Action during the 90 days prior to Debtor's bankruptcy. Defendant asserts that his lien is not preferential because it relates back to a notice of pendency of action (*lis pendens*) recorded outside the preference period. The Lis Pendens, however, relates only to a separate Fraudulent Transfer Action that Defendant had dismissed with prejudice prior to bankruptcy. Because the Lis Pendens did not provided notice of the Contract Action and because a *lis pendens* can only be recorded in connection with a real property claim (which was not included in the Contract Action), Defendant's asserted defense fails. The Trustee is thus entitled to judgment avoiding, recovering, and preserving the Attachment Lien for the benefit of the estate.

## 2.    Factual Background

On June 16, 2015, Mr. Jue filed a complaint against Debtor, in Orange County Superior Court, entitled *Vincent Jue v. Maggie Jia Liu, et al.*, Case No. 30-2015-00793727-CU-CL-CJC seeking entry of a money judgment on causes of action for breach of lost promissory note, fraud, and conversion ("Contract Action").[1]

On October 14, 2015, a grant deed was recorded transferring title to the real property commonly known as 14 San Sovino, Newport Coast, California 92657 ("Newport Coast Property") from Debtor to her daughters, Alice Yihan Liu and Christian Liu, in their capacities as co-trustees of the Lumina Living Trust, U/A October 14, 2015.

---

[1] A true and correct copy of the complaint in the Contract Action is attached to the Declaration of D. Edward Hays as **Exhibit 1**.

On November 25, 2015, Mr. Jue filed a complaint against Debtor, in the Orange County Superior Court, entitled *Vincent Jue v. Maggie Jia Liu, et al*., Case No. 30-2015-00822379-CU-FR-CJC ("Fraudulent Transfer Action") seeking to avoidance Debtor's transfer of the Newport Coast Property to the Lumina Living Trust.[2] On December 7, 2015, a notice of pendency of action (*lis pendens*) was recorded providing notice of the Fraudulent Transfer Action.[3] On December 9, 2015, a second notice of pendency of action was recorded providing notice, once again, of the Fraudulent Transfer Action.[4]

On June 17, 2016, a grant deed was recorded transferring title to the Newport Coast Property from the Lumina Living Trust back to Debtor.

On June 8, 2017, Mr. Jue recorded a Writ of Attachment issued in the Contract Action for $140,371.16 against the Newport Coast Property ("Writ of Attachment" or "Transfer" or "Attachment Lien") as Instrument No. 17-233776.[5]

On June 28, 2017, judgment was entered in the Contract Action against Debtor and in favor of Mr. Jue in the amount of $480,000 ("Judgment").[6] The Judgment is based only on causes of action for money. No abstract of judgment was ever recorded against the Property.

On July 12, 2017, a request for dismissal of the Fraudulent Transfer Action was filed resulting in dismissal of the case **with prejudice**.[7]

On July 17, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

As of the petition date, the only lien held by Mr. Jue arose from the Writ of Attachment recorded 19 days prior to bankruptcy. In this adversary, the Trustee seeks judgment avoiding the

---

[2] A true and correct copy of the complaint in the Fraudulent Transfer Action is attached to the Declaration of D. Edward Hays as **Exhibit 2**.
[3] A true and correct copy of the notice of pendency of action, recorded as instrument no. 15-620343, with regard to the Fraudulent Transfer Action is attached to the Declaration of D. Edward Hays as **Exhibit 3**.
[4] A true and correct copy of the second notice of pendency of action, recorded as instrument no. 15-624919, once again, with regard to the Fraudulent Transfer Action is attached to the Declaration of D. Edward Hays as **Exhibit 9**. Collectively, the Notices of Pendency of Action attached as Exhibits 3 and 9 the Declaration of D. Edward Hays are referred to as "Lis Pendens."
[5] A true and correct copy of the writ of attachment is attached to the Declaration of D. Edward Hays as **Exhibit 4**.
[6] A true and correct copy of the Judgment is attached to the Declaration of D. Edward Hays as **Exhibit 5**.
[7] A true and correct copy of the request for dismissal is attached to the Declaration of D. Edward Hays as **Exhibit 6**.

1  Writ of Attachment as a preferential transfer pursuant to 11 U.S.C. § 547(b). Even though Mr. Jue

2  had not recorded a notice of withdrawal of the Lis Pendens as of the petition date, the case to which

3  it gave constructive notice was the Fraudulent Transfer Action which had already been dismissed

4  with prejudice.

5      In her Schedule A, Debtor disclosed her ownership of the Newport Coast Property[8] and

6  valued it at $1,379,833.

7  **3.    Legal Argument**

8      **A.    Standard for Granting a Motion for Summary Judgment**

9      Rule 56 of the Federal Rules of Civil Procedure, which applies in adversary proceedings

10 pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides in pertinent part that:

11

12     "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a
       declaratory judgment may, at any time after the expiration of 20 days from the
       commencement of the action or after service of a motion for summary judgment by the
13     adverse party, move with or without supporting affidavits for a summary judgment in the
       party's favor upon all or any part thereof."

14

15 Fed. R. Civ. P. 56.

16     Summary judgment or adjudication is appropriate on all or any portion of a claim when

17 there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of

18 law. *See, Aronsen v. Zellerbach*, 662 F.2d 584, 591 (9th Cir. 1981); *Jablon v. Dean Witter & Co.*,

19 614 F.2d 677,682 (9th Cir. 1980); *see also In re Acorn Investments*, 8 B.R. 506, 508 (Bankr. S.D.

20 Cal. 1981). In addition to declaration testimony, it is also appropriate for the court to consider

21 previous matters of record (such as orders, pleadings and the like) by way of a request for judicial

22 notice when considering a motion for summary judgment. *See, Insurance Co. of North America v.*

23 *Hilton Hotels USA, Inc., et al.*, 908 F.Supp. 809 (D. Nev. 1995); *State Farm Fire & Casualty Co. v.*

24 *Westchester Investment Co.*, 721 F.Supp. 1165 (C.D. Cal. 1989).

25     The party seeking summary judgment and or summary adjudication bears the initial burden

26 of establishing the absence of a genuine issue of material fact. The ultimate burden of demonstrating

27

28 _____
   [8] On May 9, 2018, as Dk. No. 187, an order was entered granting Trustee's Motion to sell the Newport Coast Property.
   On June 10, 2018, as Dk. No. 203, a statement of property sold with respect to the Newport Coast Property was filed.

the existence of a genuine issue of material fact rests with the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). The Supreme Court set forth the relative burdens as follows:

> "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . in the language of the Rule, the non-moving party must come forward with 'specific fact showing that there is a genuine issue for trial.' ... Where the record taken as a whole cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue of fact."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).

The Supreme Court's decisions in *Matsushita* and *Celotex* reflect the Supreme Court's desire to resolve cases at the summary judgment level rather than litigate a case where there exists but a scintilla of evidence that creates a hint of genuine issue of fact. *Street v. JC Bradford And Company*, 886 F.2d 1472, 1476 (6th Cir. 1989).

The moving party is not required to negate or disprove matters on which the opposing party has the burden of proving at trial, such as affirmative defenses. Indeed, the moving party need not produce any evidence at all on those matters. *Celotex*, 106 S.Ct. at 2554.

Moreover, Rule 56(c) makes clear that in ruling on a motion for summary judgment, the Court need only concern itself with disputed material facts. That is to say, the Court need not consider "red herring" arguments asserted in opposition to a summary judgment motion. Rather, the Court need only consider whether there are any factual disputes which can affect the outcome of the litigation. *Mutual Funds Investors v. Putnam Management Company*, 553 F.2d 620, 624 (9th Cir 1977).

Lastly, if the Court is unable to resolve the entire matter by summary judgment, the Court may summarily adjudicate any portion of the claim as to which there is no genuine factual issue. Fed. R. Civ. P. 56(d) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056).

The adversary dispute between the Trustee and Defendant boils down to 2 questions: (1) whether the Attachment Lien is avoidable as a preference; and (2) whether the Attachment Lien relates back to the Lis Pendens. Because both questions are answered in favor of Trustee based on the facts such that there is no genuine dispute and summary judgment in favor of Plaintiff is

appropriate.

## B.    Elements under 11 U.S.C. § 547

Under 11 U.S.C. § 547(b) the following elements are required to establish a claim for Trustee's avoidance and recovery of any transfer of an interest of the debtor in property:

- The **transfer**[9] was **to or for the benefit of a creditor**[10];
- For or **on account of an antecedent debt**[11] owed by the Debtor before such transfer was made;
- **Made while the Debtor was insolvent;[12]**
- Made **on or within the 90 days before the date of the filing of the petition**; and
- That **enabled the creditor to receive more than such creditor would receive had the transfer not been made**.

"[A]s long as the distribution in bankruptcy is less than one-hundred percent *any* payment 'on account' to an unsecured creditor during the preference period will enable that creditor to receive more than he would have received in liquidation had the payment not been made." *In re Powerine Oil Co.*, 59 F.3d 969 (9th Cir. 1995) (quoting *In re Lewis W. Shurtleff, Inc.*, 778 F.2d 1416, 1421 (9th Cir. 1985)).

A *lis pendens* can only be recorded in connection with an action that alleges a real property claim. CCP § 405.24. Specifically, California Code of Civil Procedure § 405.24 provides that a "transferee of the real property shall have constructive notice of the pendency of the noticed action as it related to the real property" and "the rights and interests of the claimant in the property, *as ultimately determined in the pending action*, shall relate back to the date of recording." (Emphasis

---

[9] The creation of a lien is considered a transfer. 11 U.S.C. §101(54)(A).

[10] An entity or person that has a claim against a debtor that arose at the time of or before the order for relief concerning the debtor is considered a creditor. 11 U.S.C. § 101(10)(A).

[11] The term "debt" means liability on a claim. 11 U.S.C. § 101(12). In turn the term "claim" means" the term claim means a right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, natured disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

[12] Insolvent is defined as the financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522. 11 U.S.C § 101(32)(A); *see also, Liberty Tool, & Manufacturing v. Vortex Fishing Systems, Inc., (In re Vortex Fishing Systems, Inc.)*, 277 F.3d 1057, 1072 (9th Cir. 2002). Moreover 11 U.S.C. § 547(f) provides a debtor is presumed to be insolvent during the 90 days immediately preceding the date of the filing of the petition for relief.

4817-1788-7088, v. 1/1015-106

1  added). In this case, the Lis Pendens that remained of record as of the petition date only gave notice

2  of the Fraudulent Transfer Action which had already been dismissed with prejudice. As such, the

3  Lis Pendens did not create a transfer or preserve an interest that prevents the Trustee from avoiding

4  the Writ of Attachment entered in the Contract Action.

5              **(i)    All elements for a preferential transfer are met, and thus the**

6                      **Attachment Lien is avoidable**

7          On June 16, 2015, Mr. Jue filed a complaint for damages commencing an action with a case

8  number ending in 727 ("Contract Action"). *See*, Ex. "1."

9          On June 8, 2017, during the 90-day preference period, Mr. Jue recorded a writ of attachment

10 in furtherance of a right to attach order ("Transfer" or "RTAO" or "Attachment Lien") entered in

11 the Contract Action. *See*, Ex. "4;" *see also*, Answer to Complaint filed by Defendant Vincent Jue

12 ("Answer") at ¶13.

13         On July 17, 2017, 39 days after the writ of attachment was recorded, Debtor filed this

14 bankruptcy case. *See*, Dk. No. 1; *see also*, Answer at ¶ 17.

15         Mr. Jue's attachment lien is avoidable as a preference because it constituted a transfer of an

16 interest in Debtor's property, to or for the benefit of a creditor (Mr. Jue),[13] on account of an

17 antecedent debt owed by Debtor to Mr. Jue before the RTAO was recorded,[14] made while Debtor

18 was presumptively insolvent during the 90-day period prior to bankruptcy, and which would allow

19 Mr. Jue to receive more than if the transfer had not been made and the claim was paid during the

20 bankruptcy. Because there is no disputed issue of fact with regard to each of these elements, the

21 Trustee is entitled to judgment as a matter of law.[15]

22             **(ii)    The Writ of Attachment entered in the Contract Action does**

23                      **not relate back to the Lis Pendens recorded only in connection**

24                      **with the Fraudulent Transfer Action**

25 _____

26 [13] Answer, ¶ 23.

27 [14] Answer, ¶ 24.

28 [15] Even California law provides that a creditor is not entitled to retain the benefits of a writ of attachment recorded within
90 days prior to a bankruptcy. See, CCP § 493.030.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
4817-1788-7088, v. 1/1015-106

On November 25, 2015, Mr. Jue filed a second complaint to avoid as fraudulent debtor's transfer of her Newport Coast residence to a trust for the benefit of her daughters commencing a separate action with a case number ending in 379 ("Fraudulent Transfer Action"). *See*, Ex. "2;" *see also*, Answer, ¶11.

On December 7, 2015, Mr. Jue recorded a notice of pendency of action (*lis pendens*) against the Newport Coast Property with respect to the Fraudulent Transfer Action as Instrument No. 15-620343. *See*, Ex. "3;" Answer, ¶11.

On December 9, 2015, Mr. Jue recorded a second notice of pendency of action against the Newport Coast Property with respect to the Fraudulent Transfer Action as Instrument No. 15-624919. *See*, Ex. "9."

As explained above, a *lis pendens* can only be recorded in connection with an action that alleges a real property claim. CCP § 405.24. Specifically, CCP § 405.24 provides that a "transferee of the real property shall have constructive notice of the pendency of the noticed action ***as it related to the real property***" and "the rights and interests of the claimant in the property, ***as ultimately determined in the pending action***, shall relate back to the date of recording." (Emphasis added).

Prior to bankruptcy, Mr. Jue dismissed the Fraudulent Transfer Action with prejudice. *See*, Ex. "6;" Answer, ¶15. The Notice of Dismissal does not state that the dismissal pertains to less than all causes of action.

Because Mr. Jue dismissed the Fraudulent Transfer Action with prejudice, the recorded *lis pendens* fails to give notice of anything other than Mr. Jue voluntarily dismissed an action without ever obtaining any judgment. Mr. Jue has argued that a notice of related cases was filed in the Fraudulent Transfer Action that referenced the Contract Action. A notice of related case, however, is a procedural case management device that does not result in consolidation of the two cases. *Falk v. Children's Hosp. L.A.*, 237 Cal.App. 4th 1454 (2015).

If a creditor files a suit which includes real property and non-real property claims but only obtains a judgment for money on the non-real property claims, the *lis pendens* is ineffective and any judgment lien arising during the preference period is subject to avoidance. *Coyote Growth Mgmt, LLC v. McBroom* (*In re 12 Percent Fund I, LLC*), 2010 Bankr. LEXIS 77.

4817-1788-7088, v. 1/1015-106

1   Importantly, the Ninth Circuit Court of Appeals has only allowed a judgment lien to relate

2   back to a previously recorded *lis pendens* where the ultimate judgment was in fact on a real

3   property claim. *In re Lane*, 980 F.2d 601 (9th Cir. 1992) ["Under California law, a finding of

4   money damages does not support a *lis pendens*, because it does not affect the title or right of

5   possession of property. *See*, e.g., *Urez*, 190 Cal.App.3d at 1145, 235 Cal.Rptr. 837. However, the

6   record reveals that the Superior Court's judgment also included a finding in Hurst's favor on its

7   cause of action for the fraudulent conveyance of real property. A *lis pendens* is appropriate in

8   connection with a fraudulent conveyance cause of action"].

9   In sum, Mr. Jue lost any rights arising from the *lis pendens* when he voluntarily dismissed

10   the Fraudulent Transfer Action with prejudice prior to obtaining any judgment on a real property

11   claim. Thus, the Lis Pendens does not provide any basis upon which the Attachment Lien entered in

12   the Contract Action can relate back.

13   **4.    Conclusion**

14   Because there is no disputed issue of fact that Mr. Jue recorded his Writ of Attachment

15   during the preference period, the Trustee is entitled to judgment avoiding, recovering, and preserving

16   such transfer for the benefit of the estate.

17
DATED:  November 27, 2018                    MARSHACK HAYS LLP

18
                                                          /s/ D. Edward Hays
19                                               By:_____
                                                       D. EDWARD HAYS
20                                                     LAILA MASUD
                                                       Attorneys for Plaintiff and Chapter 7 Trustee,
21                                                     RICHARD A. MARSHACK

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

4817-1788-7088, v. 1/1015-106

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.      I am a partner in the law firm of Marshack Hays LLP, attorneys of record for Plaintiff and Chapter 7 Trustee Richard A. Marshack ("Trustee").

6.      I reviewed the dockets in the referenced cases prior to execution of this Declaration to determine the dates on which particular documents were filed.

7.      I make this Declaration in support of Plaintiff's Motion for Summary Judgment.

8.      On June 16, 2015, Mr. Jue filed a complaint against Debtor, in Orange County Superior Court, entitled *Vincent Jue v. Maggie Jia Liu, et al.*, Case No. 30-2015-00793727-CU-CL-CJC seeking entry of a money judgment on causes of action for breach of lost promissory note, fraud, and conversion ("Contract Action"). A true and correct copy of the filed-stamped complaint in the Contract Action is attached as **Exhibit 1**.

9.      On October 14, 2015, a grant deed was recorded transferring title to the real property commonly known as 14 San Sovino, Newport Coast, California 92657 ("Newport Coast Property") from Debtor to her daughters, Alice Yihan Liu and Christian Liu, in their capacities as co-trustees of the Lumina Living Trust, U/A October 14, 2015. A true and correct copy of the grant deed obtained from the trustee's title company is attached as **Exhibit 7**.

10.     On November 25, 2015, Mr. Jue filed a complaint against Debtor, in the Orange County Superior Court, entitled *Vincent Jue v. Maggie Jia Liu, et al.*, Case No. 30-2015-00822379-CU-FR-CJC ("Fraudulent Transfer Action") seeking to avoidance Debtor's transfer of the Newport Coast Property to the Lumina Living Trust. A true and correct copy of the filed-stamped complaint in the Fraudulent Transfer Action is attached as **Exhibit 2**.

11.     On December 7, 2015, a notice of pendency of action (*lis pendens*) was recorded providing notice of the Fraudulent Transfer Action. A true and correct copy of the notice of pendency of action with regard to the Fraudulent Transfer Action obtained from the trustee's title company is attached as **Exhibit 3**.

12.     On December 9, 2015, a second notice of pendency of action (*lis pendens*) was recorded providing notice of the Fraudulent Transfer Action. A true and correct copy of the second notice of pendency of action with regard to the Fraudulent Transfer Action obtained from the trustee's title company is attached as **Exhibit 9**.

13.     On June 17, 2016, a grant deed was recorded transferring title to the Newport Coast Property from the Lumina Living Trust back to Debtor. A true and correct copy of the deed obtained from the trustee's title company is attached as **Exhibit 8**.

14.     On June 8, 2017, Mr. Jue recorded a Writ of Attachment issued in the Contract Action for $140,371.16 against the Newport Coast Property ("Writ of Attachment" or "Transfer" or "Attachment Lien") as Instrument No. 17-233776. A true and correct copy of the recorded writ of attachment obtained from the trustee's title company is attached as **Exhibit 4**.

15.     On June 28, 2017, judgment was entered in the Contract Action against Debtor and in favor of Mr. Jue in the amount of $480,000 ("Judgment"). A true and correct copy of the filed-stamped Judgment is attached as **Exhibit 5**. The Judgment is based only on causes of action for money.

16.     On July 12, 2017, a request for dismissal of the Fraudulent Transfer Action was filed resulting in dismissal of the case ***with prejudice***. A true and correct copy of the filed-stamped request for dismissal is attached as **Exhibit 6**.

17.     On July 17, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

18.     In this case, the Trustee sold Debtor's residence which resulted in a recovery of $464,045.18 after payment of undisputed liens.[16] The balance of these funds are being held pending

---

16 On May 9, 2018, as Dk. No. 187, an order was entered granting Trustee's Motion to sell the Newport Coast Property. On June 10, 2018, as Dk. No. 203, a statement of property sold with respect to the Newport Coast Property was filed.

DECLARATION OF D. EDWARD HAYS

resolution of various disputes regarding voidability. As counsel for the Trustee, I am not aware of any other significant estate assets. As such, the amount of funds available for the Trustee to distribute to creditors is not expected to be in excess of the net sales proceeds of the property. The claims register reflects creditors in the amount of $1,460,781.11.

19.    If the Attachment Lien is not avoided, Mr. Jue would receive more on account of his lien than he would if paid solely as an unsecured creditor.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 27, 2018.

/s/ D. Edward Hays

D. EDWARD HAYS

DECLARATION OF D. EDWARD HAYS

EXHIBIT  1

1  JARED A. BARRY (BAR NO. 221988)
   jared.barry@ffslaw.com
2  FREEMAN, FREEMAN & SMILEY, LLP
   1888 Century Park East, Suite 1900
3  Los Angeles, California 90067
   Telephone:  (310) 255-6100
4  Facsimile:  (310) 255-6200

5  Attorneys for Plaintiff,
   VINCENT JUE

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  VINCENT JUE, an individual,

12          Plaintiff,

13      vs.

14  MAGGIE JIA LIU, an individual; and DOES
    1 through 25, inclusive,

15

16          Defendant.

17

18

19

20

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/16/2015** at 12:51:01 PM
Clerk of the Superior Court
By Davon Velasquez,Deputy Clerk

Case No.  30-2015-00793727-CU-CL-CJC
          Judge Geoffrey T. Glass

**COMPLAINT FOR:**

(1)    **FRAUD;**

(2)    **CONVERSION;**

(3)    **BREACH OF LOST
       PROMISSORY NOTE;**

(4)    **COMMON COUNT FOR MONEY
       HAD AND RECEIVED;**

(5)    **BREACH OF ORAL PROMISE
       TO REPAY LOAN; AND,**

(6)    **FRAUDULENT TRANSFER.**

21      Plaintiff VINCENT JUE ("Plaintiff") complains against Defendant MAGGIE JIA LIU

22  ("Defendant"), as follows:

23                          **THE PARTIES**

24      1.      Plaintiff is and, at all relevant times herein, was an individual over the age of 18

25  years residing in the County of Los Angeles, State of California.

26      2.      Plaintiff is informed and believes and, based thereon alleges, that Defendant is and,

27  at all times mentioned herein, was an individual over the age of 18 years residing in the County of

28  Orange, State of California.

2640939.4

                              COMPLAINT

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

3.      Plaintiff does not know the true names of defendants named herein Does 1 through 25, inclusive, and therefore sues them by fictitious names.   The names, capacities, and relationships of defendants fictitiously named will be alleged if and when they are known.

4.      Plaintiff is informed and believes and on that basis alleges, that at all times mentioned in this complaint, the defendants were the agents and employees of their co-defendants, and in doing the things alleged herein were acting within the course and scope of that agency and employment. All defendants are sometimes referred to collectively herein as "Defendants."

## BACKGROUND FACTS

5.      Plaintiff, a widower, and Defendant had a brief friendship in 2013 and early 2014. They met through a dating service, but never developed a physically romantic relationship. Defendant told Plaintiff that she had a successful business and earned a high income.   However, she represented to Defendant that she was in temporary but dire financial straits. Defendant told Plaintiff that she needed financial assistance to pay for college tuition of her children. Defendant stated to Plaintiff that her financial aid application had been denied due to her high income in 2012.

6.      In or about May, 2013, Plaintiff agreed to make a loan to Defendant to assist Defendant's financial needs. Based on Defendant's entreats, Plaintiff agreed to place the loan proceeds into a brokerage account to assist with college tuition for Defendant's children. They agreed that Defendant could use investment income from the account to assist with her children's school tuition for 2014, but that the corpus of the loan could not be depleted.

7.      Plaintiff and Defendant met with Defendant's stockbroker at Charles Schwab whereupon terms of a loan were agreed upon. In late May, 2013, Plaintiff caused the sum of Three Hundred Thousand Dollars ($300,000.00) to be wired into a brokerage account held in Defendant's name at Charles Schwab, as a loan to Defendant (the "Loan"). Plaintiff made the Loan under the following conditions:

        a.   A one (1) year term, at which time the Loan would become fully due and payable.

        b.   An interest rate of five percent (5%) per annum on the principal amount of

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2640939.4

2
COMPLAINT

EXHIBIT 1, PAGE 15

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    the Loan.

2        c.  No prepayment penalty.

3        d.  The Loan was secured by specific valuable jewelry owned by Defendant.

4        e.  Any and all legal expenses and costs incurred by Plaintiff to collect the

5           Loan shall be added to the Loan amount and immediately due and payable

6           by Defendant.

7        8.    In or about May 2013, Plaintiff prepared a promissory note to memorialize the

8    Loan. Two copies of the Note were given to Defendant for her execution. Plaintiff executed the

9    promissory note with, *inter alia*, the terms of the Loan set forth, *supra* (the "Note").

10        9.    In or about June 2013, Defendant proposed that she and Plaintiff travel together.

11    While they were traveling in July 2013, Defendant handed an executed Note to Plaintiff. Plaintiff

12    placed the Note in his suitcase. Upon arriving home from travel, Plaintiff discovered that the Note

13    was missing from his suitcase. He asked Defendant about the whereabouts of the Note. She denied

14    having another original or copy. Plaintiff is informed and believes and, based thereon, alleges that

15    Defendant surreptitiously removed the Note from Plaintiff's suitcase with the intention to deceive

16    Plaintiff and deny the existence of the Note and the Loan.

17        10.    Plaintiff asked Defendant to sign another promissory note to replace the Note (the

18    "Amended Note"). Plaintiff also agreed to extend the term of the Loan, making the entire Loan

19    payable in November 2013. These terms were memorialized in the Amended Note, a true and

20    correct copy of which is attached hereto as Exhibit A. In communications between Plaintiff and

21    Defendant, Defendant admits the existence of the Loan and represents that she signed the

22    Amended Note. She also represented to Plaintiff that she sent the Amended Note to Plaintiff.

23        11.    Plaintiff ended his friendship with Defendant in March, 2014. Plaintiff has never

24    received the Amended Note signed by Defendant. Plaintiff is informed and believes and, based

25    thereon, alleges that Defendant did not sign the Amended Note, had no intention of signing the

26    Amended Note and has repeatedly deceived Plaintiff to induce Plaintiff to forebear filing a

27    lawsuit.

28        12.    Plaintiff has demanded, verbally and in writing, on numerous occasions since

2640939.4

3

COMPLAINT

EXHIBIT 1, PAGE 16

1  November 2013, that Defendant repay the Loan. Within the last month, Defendant represented to

2  Plaintiff that she has spent the entire principal sum of the Loan and sold the jewelry used as

3  collateral to a third party. Plaintiff is informed and believes that Defendant induced Plaintiff to

4  make the Loan on the false pretense that the loan proceeds would be used for the education of her

5  children. Plaintiff is informed and believes that Defendant misrepresented the purpose of the Loan

6  and never had any intention to use the loan proceeds for her stated purpose or to repay it.

7                          **FIRST CAUSE OF ACTION**

8                   **(FRAUD AGAINST ALL DEFENDANTS)**

9          13.    Plaintiff repeats and restates all allegations in Paragraph 1 through 12, inclusive, as

10  if fully set forth herein with respect to this cause of action.

11          14.    Plaintiff is informed and believes that Defendants, and each of them, made false

12  representations to Plaintiff to induce Plaintiff to make the Loan.

13          15.    Plaintiff is further informed and believes that Defendants, and each of them, falsely

14  represented that they intended to repay the Loan and, instead, stole the Note from Plaintiff's

15  possession with the intention of denying the debt. Defendants misrepresented to Plaintiff that

16  Defendants signed and sent the Amended Note to Plaintiff. Plaintiff is further informed and

17  believes that Defendants never intended to pledge security for the Loan. Plaintiff is informed and

18  believes and, based thereon, alleges that Defendants engaged in this conduct to defraud Plaintiff of

19  the Loan amount and that they never had any intention of repaying the Loan.

20          16.    In justifiable reliance upon Defendants' misrepresentations, Plaintiff made the

21  Loan and heretofore refrained from filing a lawsuit.

22          17.    As a direct result of Defendants' deceitful conduct, Plaintiff has been damaged in a

23  sum to be proven, which includes at least the principal sum of the Loan ($300,000), interest at the

24  rate of 5% per annum on the principal sum of the Loan, attorneys' fees and legal costs. These

25  damages were foreseeable by Defendants and the proximate result of their fraudulent conduct.

26          18.    In addition, Defendants' fraudulent conduct entitles Plaintiff to punitive damages

27  under Civil Code § 3294 for the sake of example and by way of punishing Defendants.

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2640939.4

4

COMPLAINT

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

### SECOND CAUSE OF ACTION

### (CONVERSION AGAINST ALL DEFENDANTS)

19.    Plaintiff repeats and restates all allegations in Paragraph 1 through 12, inclusive, as if fully set forth herein with respect to this cause of action.

20.    In July 2013, Plaintiff had a right to unfettered possession of the Note, at least until such time as the Loan was repaid. Plaintiff is informed and believes and, based thereon, alleges that Defendants stole the Note from Plaintiff's suitcase in or about July, 2013.

21.    Defendants' intentional interference with Plaintiff's right to possession of the Note constitutes conversion. Plaintiff is further informed and believed that Defendants removed the Note from Plaintiff's possession with the intent to deceive Plaintiff and deny the existence of the Loan.

22.    As a direct result of Defendants' conversion of the Note, Plaintiff has been damaged in a sum to be proven, which includes at least the principal sum of the Loan ($300,000), interest at the rate of 5% per annum on the principal sum of the Loan, attorneys' fees and legal costs.

23.    In addition, Defendants' fraudulent conduct entitles Plaintiff to punitive damages under Civil Code § 3294 for the sake of example and by way of punishing Defendants.

### THIRD CAUSE OF ACTION

### (BREACH OF LOST PROMISSORY NOTE (CAL. COMM. CODE § 3309
### AGAINST ALL DEFENDANTS)

24.    Plaintiff repeats and restates all allegations in Paragraph 1 through 12, inclusive, as if fully set forth herein with respect to this cause of action.

25.    Plaintiff had possession of the Note in July, 2013, but is informed and believes that the Note was stolen from his suitcase by Defendants. As a result, the Note's whereabouts cannot be determined or it remains in Defendants' possession.

26.    Based on the foregoing, Plaintiff is entitled to enforce the Note under the provisions of California Commercial Code §§ 3308, 3309.

27.    Despite demand by Plaintiff, Defendants have failed and refused, and continue to

EXHIBIT 1, PAGE 18

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  fail and refuse, to repay the Loan and satisfy their obligations under the Note.

2      28.    Plaintiff has been damaged in a sum to be proven, which includes at least the

3  principal sum of the Loan ($300,000) and interest at the rate of 5% per annum.

4      29.    In addition, the Note has an attorneys' fees provision that entitles Plaintiff to

5  recover attorneys' fees and costs incurred to collect the Loan from Defendants. Plaintiff has hired

6  counsel to file this lawsuit and has incurred, and will continue to incur, attorneys' fees and costs to

7  pursue collection of the Note.

8  **FOURTH CAUSE OF ACTION**

9  **(COMMON COUNT FOR MONEY HAD AND RECEIVED**

10  **AGAINST ALL DEFENDANTS)**

11      30.    Plaintiff repeats and restates all allegations in Paragraph 1 through 12, inclusive, as

12  if fully set forth herein with respect to this cause of action.

13      31.    In or about May, 2013, Defendants became indebted to Plaintiff in the sum of

14  $300,000.00, for money had and received by Defendants, which became fully due and payable, at

15  the latest, in November, 2014.

16      32.    The entire amount of this sum is due and unpaid despite Plaintiff's demand, plus

17  prejudgment interest at the legal rate.

18  **FIFTH CAUSE OF ACTION**

19  **(BREACH OF ORAL PROMISE TO REPAY LOAN**

20  **AGAINST ALL DEFENDANTS)**

21      33.    Plaintiff repeats and restates all allegations in Paragraph 1 through 12, inclusive, as

22  if fully set forth herein with respect to this cause of action.

23      34.    In or about May, 2013, Plaintiff and Defendants verbally agreed to the Loan and

24  the terms set forth in the Note. In or about November 2013, Plaintiff and Defendants verbally

25  agreed to extend the due date of the Loan to November, 2014.

26      35.    Plaintiff complied with all of his obligations under the Loan agreement, except

27  those excused by Defendants' conduct, including by depositing the Loan proceeds into

28  Defendants' brokerage account at Charles Schwab.

EXHIBIT 1, PAGE 19

36.    In or about November, 2014, at the latest, Defendants breach the verbal Loan agreement by failing to repay the Loan or any amount of interest thereon.

37.    Plaintiff has been damaged in a sum to be proven, which includes at least the principal sum of the Loan ($300,000) and interest at the rate of 5% per annum.

38.    In addition, the Note has an attorneys' fees provision that entitles Plaintiff to recover attorneys' fees and costs incurred to collect the Loan from Defendants. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs to pursue collection of the Note.

## SIXTH CAUSE OF ACTION

### (FRAUDULENT TRANSFER AGAINST ALL DEFENDANTS)

39.    Plaintiff repeats and restates all allegations in Paragraph 1 through 12, inclusive, as if fully set forth herein with respect to this cause of action.

40.    Plaintiff is informed and believes and, based thereon, alleges that Defendants transferred to a third party jewelry that Defendants had pledged as security for the Loan with the intent to defraud Plaintiff and for less than market value.

41.    As a result, Plaintiff has been damaged in at least the sum of the fair market value of the security.

42.    In addition, Defendants' fraudulent conduct entitles Plaintiff to punitive damages under Civil Code § 3294 for the sake of example and by way of punishing Defendants.

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for:

1.    Compensatory damages in at least the principal sum of the Loan ($300,000), plus interest at the rate of five percent (5%) per annum;

2.    Punitive damages;

3.    Reasonable attorneys' fees;

4.    Prejudgment interest;

5.    Costs of suit; and,

6.    Any other and further relief the court considers proper.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DATED: June 16, 2015          FREEMAN, FREEMAN & SMILEY, LLP

                              By: _____
                                  JARED A. BARRY
                                  Attorneys for Plaintiff,
                                  VINCENT JUE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2640939.4

8
COMPLAINT

EXHIBIT  2

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/25/2015** at 10:40:55 AM
Clerk of the Superior Court
By Rita Strom,Deputy Clerk

1  VON ESCH & VON ESCH
   Mark F. Von Esch   CSBN 101452
2  810 E. Commonwealth Ave.
   Fullerton CA   92831
3  Telephone (714) 879-5306
   FAX       (877) 640-4144
4  markvoneschlaw@hotmail.com

5  Attorney for Plaintiff

6

7

8          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9      IN AND FOR THE COUTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  VINCENT JUE,                    ) Case No.:     30-2015-00822379-CU-FR-CJC
                                    )
12          Plaintiff,              )              Judge Andrew P. Banks
                                    )
13      vs.                         ) COMPLAINT TO SET ASIDE
                                    ) FRAUDULENT TRANSFER AND FOR
14  MAGGIE JIA LIU, ALICE YIHAN     ) DECLARATORY RELIEF
15  LIU, Trustee of the Lumina      )
    Trust, CHRISTIAN LIU, Trustee   )
16  of the Lumina Trust and DOES    )
17  1 through 25, inclusive,        )
            Defendant
18

19

20      Plaintiff, Vincent Jue, (herein "Plaintiff"), for his

21  complaint against Defendant Maggie Jia Liu, alleges as

22  follows:

23                          PARTIES

24
25  1.   Plaintiff is an individual residing in the City of

26      Palos Verdes, California.

27

28

                         COMPLAINT - 1

2.  Defendant, Maggie Jia Liu, (herein "Defendant") is an
    individual residing in the City of Newport Coast,
    California, and within the herein judicial district.

3.  Plaintiff, on or about June 16, 2015, commenced
    litigation against Defendant, Maggie Jia Liu,
    containing causes of action for Breach of Promissory
    Note, Fraud, Conversion, and Fraudulent Transfer.
    Plaintiff is seeking monetary damages stemming from
    various sums loaned and furnished Defendant that were
    not repaid.  Said action is currently pending in the
    herein Court and is identified as *Jue v Liu* Orange
    County Superior Court Case No. 30-2015-00793727

4.  At the aforementioned commencement of litigation Maggie
    Jia Liu was the owner of the real property and
    improvements thereon commonly known as 14 San Sovino,
    Newport Coast, California (herein "subject property")
    At said time there was substantial equity in said real
    property.

5.  Plaintiff, on information and belief contends that
    Defendants Alice Yihan Yiu and Christian Liu are
    individuals residing in Newport Coast, California, and
    claim to be Trustees of the Lumina Trust (herein the
    "Trust") and legal title holders of the subject

COMPLAINT - 2

property at the current time and further contends that said individuals are children of the Defendant, Maggie Jia Liu.

6. Plaintiff on information and belief and thereon alleges that the "Trust" was formed with the intention of hiding, transferring and concealing assets of Defendant, Maggie Jia Liu and for the purpose of hindering and making it more difficult for creditors to reach or attach her assets.

7. The legal description of the "subject property" is described as follows:

Parcel 1:

*An undivided $1/14^{th}$ fee simple interest as a tenant in common in and to the "Common Area" as shown on the Condominium Plan for Phase 11 of Ziani ("Phase 11") consisting of Lot 5 of Tract NO. 16195, as shown on a Map recorded in Book 830, Pages 1 to 8 inclusive of Miscellaneous Maps, in the Office of the County Recorder of Said County, which Condominium Plan was recorded March 25, 2004 as Instrument No. 04-245876 of Official Records of said Orange County (the "Condominium Plan).*

Parcel 2

COMPLAINT - 3

EXHIBIT 2, PAGE 24

*Unit 63 of Phase 11, consisting of certain airspace and surface and subsurface elements, as shown and described in the Condominium Plans.*

Parcel 3

*Exclusive easements, appurtenant to Parcel 1 and Parcel 2 descried above, for deck, porch and patio purposes, as applicable, over a portion of Phase 11, as described in and shown on the Condominium Plan and as described in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Ziani ("Declaration") recorded October 15, 2002 as Instrument No. 02-888189 and the Supplement Declaration of Covenants, Conditions, Restrictions, Reservation of Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental Declaration") recorded March 25, 2004 as Instrument No. 04-24587, both of Official Records*

Parcel 4

*Non-exclusive easements for access, ingress, egress, enjoyments, utilities, encroachment, support, maintenance and repairs, all described in the above-mentioned Declaration referred to in Parcel 3.*

APN:   934-41-078

COMPLAINT - 4

8.   In or about August 21, 2015, Plaintiff in the pending
     litigation filed an application for a Writ of
     Attachment seeking to attach various assets of the
     Defendant, Maggie Jia Liu, including the subject real
     property.

9.   Defendant, Maggie Jia Liu, was aware of said
     proceedings and opposed said attachment application and
     claimed various exemptions.

10.  On or about September 24, 2015, the court took the
     matter under submission and thereafter issued a ruling
     in favor of the Plaintiff, Vincent Jue, and granting
     Plaintiff with a Writ to Attach various assets of
     Defendant including the aforementioned real property.
     Attached hereto as Exhibit "A" is a copy of the court
     ruling that was served upon the parties' counsel of
     record.

11.  Approximately ten (10) days after the Writ of
     Attachment was served, Defendant, Maggie Jia Liu, with
     knowledge that Plaintiff was seeking to attach the
     subject real property, wrongfully, intentionally and
     with conscious disregard of Plaintiff's rights,
     fraudulently conveyed the subject real property to her
     children, the Defendants Alice Yihan Yiu and Christian

COMPLAINT - 5

1    Liu as Trustees of the "Trust".  Attached here as

2    Exhibit "B" is a copy of the Grant Deed conveying said

3

4    property that was executed on October 14, 2015.

5  11.  No consideration existed for the transfer of the

6     subject property and the grantees are insiders as the

7

8     children of the Defendant, Maggie Jia Liu.

9

10                            VENUE

11

12 12.  Venue is appropriate because this action seeks to set

13     aside the fraudulent conveyance which was recorded in

14     the County of Orange and concerns real property in the

15     City of Newport Coast, California.

16

17

18

19

20

21  FIRST CAUSE OF ACTION - SET ASIDE FRAUDULENT TRANSFER

22                     (Against All Defendants)

23 13.  Plaintiff incorporates and re-alleges the above

24     paragraphs, 1 through 12, inclusive, as though set

25

26     forth in full.

27 14.  Plaintiff alleges that that the aforementioned deed

28     represents a transfer as defined in the *Uniform*

                         COMPLAINT - 6

1   *Fraudulent Transfer Act;* Civil Code Section 3439, et

2   seq.

3

4   15. Plaintiff is informed and believes and thereon alleges

5       that the transfer was made with actual intent to

6       hinder, delay or defraud "Jue" and/or other creditors

7       of Liu because, among other things:

8

9       a.   Maggie Jia Liu remained in possession and control

10           of the Property after the fraudulent transfer;

11      b.   Maggie Jia Liu received no consideration for the

12

13           transfer for the sole purpose of dissipating her

14           assets;

15      c.   Maggie Jia Liu was aware that Plaintiff was

16

17           seeking an Order to attach the real property;

18      d.   Maggie Jia Liu had been served with the

19           Application for Wirt of Attachment at the time of

20

21           the transfer and made the conveyance in order to

22           remove said property from her own name;

23      e.   The transfer resulted in a substantial disposition

24           of valuable assets; and,

25

26      f.   That Defendant, Liu, became insolvent as a result

27           of the transfer or that her net worth was

28           substantially reduced and depleted.

    16. Plaintiff is informed and believes that Defendants

                        COMPLAINT - 7

1   Alice Yihan Yiu and Christian Liu, as Trustees of the

2   Lumina Trust, are insiders of the Defendant, Maggie Jia

3
    Liu, and that they accepted delivery of the Deed with
4

5   knowledge of the litigation and attachment remedies

6   being sought by Plaintiff, Jue.  Plaintiff further

7
    alleges that Defendant Maggie Jia Liu received no
8

9   consideration for the transfer of interest and that

10  therefore, Defendants Alice Yihan Yiu and Christian Liu

11
    are not good faith grantees and that in the interest of
12

13  justice the court set aside the transfer as a

14  fraudulent conveyance.

15  17. In taking the aforementioned action, Defendant, Maggie

16
    Jia Liu acted willfully, oppressively and maliciously
17

18  and Plaintiff is therefore entitled to punitive damages

19  or exemplary damages in a sum to be shown as according

20  to proof at the time of trial.

21

22

23                         PRAYER

24  WHEREFORE, Vincent Jue prays for judgment as follows:

25
           1.    For an Order to set aside the grant deed as a
26

27               fraudulent Transfer;

28         2.    For punitive or exemplary damages as according

                 to proof;

                         COMPLAINT - 8

EXHIBIT 2, PAGE 29

1

     3.   For costs of suit; and,

2

     4.   For such other relief as the Court deems just

3

          and proper.

4

5

6

7

Date: __11/29/15__

8                                              VON ESCH & VON ESCH

9

10                              By: _____

11                                  Mark F. von Esch
                                    Attorney for Plaintiff,
12                                  Vincent Jue

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            COMPLAINT - 9

EXHIBIT  3

Recording Requested By

Name:
Von Esch & Von Esch

Address:
810 E. Commonwealth Ave.

City, State, Zip Code
Fullerton CA 92831

CONFORMED COPY
Not Compared with Original

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

\* $ R 0 0 0 8 0 0 9 4 1 1 $ \*

2015000620343 1:47 pm 12/07/15
227 417 N26 F13    4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Title of Document

NOTICE OF PENDENCY OF ACTION

EXHIBIT 3, PAGE 31

NOTICE REQUESTED BY
AND WHEN RECORDED MAIL TO:

VON ESCH & VON ESCH
Mark F. Von Esch
810 E. Commonwealth Ave.
Fullerton, CA  92831

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/30/2015** at 03:49:00 PM

Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

_____ SPACE ABOVE THIS LINE FOR RECORDERS USE _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| Vincent Jue, | Case No.: 30-2015-00822379 |
| Plaintiff, | |
| vs | NOTICE OF PENDENCY OF ACTION |
| MAGGIE JIA LIU, ALICE YIHAN LIU, Trustee of the Lumina Trust, CHRISTIAN LIU, Trustee of the Lumina Trust and DOES 1 through 25, inclusive, | |
| Defendants | |

Notice is given that the above-entitled action was filed in the above-captioned Court by VINCENT JUE.  The action affects title to specific real property and seeks to SET ASIDE FRAUDULENT TRANSFER of the property described in the Complaint.

The herein action relates to the real property commonly known as 14 San Sovino, Newport Coast CA and legally described as:

Parcel 1:

*An undivided 1/14th fee simple interest as a tenant in common in and to the "Common Area" as shown on the Condominium Plan for Phase 11*

NOTICE OF PENDENCY OF ACTION                                    1

EXHIBIT 3, PAGE 32

*of Ziani ("Phase 11") consisting of Lot 5 of Tract NO. 16195, as shown*

*on a Map recorded in Book 830, Pages 1 to 8 inclusive of*

*Miscellaneous Maps, in the Office of the County Recorder of Said*

*County, which Condominium Plan was recorded March 25, 2004 as*

*Instrument No. 04-245876 of Official Records of said Orange County*

*(the "Condominium Plan).*

Parcel 2

*Unit 63 of Phase 11, consisting of certain airspace and surface and*

*subsurface elements, as shown and described in the Condominium*

*Plans.*

Parcel 3

*Exclusive easements, appurtenant to Parcel 1 and Parcel 2 descried*

*above, for deck, porch and patio purposes, as applicable, over a portion*

*of Phase 11, as described in and shown on the Condominium Plan and*

*as described in the Declaration of Covenants, Conditions, Restrictions*

*and Reservation of Easements for Ziani ("Declaration") recorded*

*October 15, 2002 as Instrument No. 02-888189 and the Supplement*

*Declaration of Covenants, Conditions, Restrictions, Reservation of*

*Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental*

*Declaration") recorded March 25, 2004 as Instrument No. 04-24587,*

*both of Official Records*

Parcel 4

NOTICE OF PENDENCY OF ACTION                    2

*Non-exclusive easements for access, ingress, egress, enjoyments,*

*utilities, encroachment, support, maintenance and repairs, all described*

*in the above-mentioned Declaration referred to in Parcel 3.*

APN:  934-41-078

Date: 11/3ν/15

VON ESCH & VON ESCH

By: _____

Mark F. Von Esch
Attorney for Plaintiff

NOTICE OF PENDENCY OF ACTION          3

EXHIBIT  4

AT-135

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jared A. Barry (SBN 221988) / John D. Van Ackeren (SBN 240739)
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
TELEPHONE NO.: (310) 255-6100
E-MAIL ADDRESS (Optional): jared.barry@ffslaw.com   FAX NO. (Optional): (310) 255-6200
ATTORNEY FOR (Name): Plaintiff Vincent Jue

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

PLAINTIFF:   VINCENT JUE

DEFENDANT: MAGGIE JIA LIU

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

| WRIT OF ATTACHMENT |  |
|---|---|
| ☒ AFTER HEARING    ☐ EX PARTE | CASE NUMBER<br>30-2015-00793727-CU-CL-CJC |

1. TO THE SHERIFF OR ANY MARSHAL OR CONSTABLE OF THE COUNTY OF: ORANGE

2. TO ANY REGISTERED PROCESS SERVER: You are only authorized to serve this writ in accord with CCP 488.080.

3. This writ is to attach property of defendant (*name and last known address*):
   Maggie Jia Liu, 14 San Sovino, Newport Coast, CA 92657

   and the attachment is to secure: $ 140,371.16

4. Name and address of plaintiff: Vincent Jue c/o Jared A. Barry, Esq., Freeman, Freeman & Smiley, LLP, 1888 Century Park East, Suite 1900, Los Angeles, California 90067

5. YOU ARE DIRECTED TO ATTACH the following property or so much thereof as is clearly sufficient to satisfy the amount to be secured by the attachment (*describe property and state its location; itemize by letter*):
   Real property located at 14 San Sovino, Newport Coast, CA 92657; jewelry; equipment; motor vehicles; chattel paper; negotiable and other instruments; securities; deposit accounts; investment accounts (including, but not limited to, Charles Schwab account); safe deposit boxes; accounts receivable; general intangibles; property subject to pending actions; final money judgments; and personalty in estates of decedents.
   ☐ This information is on an attached sheet.

6. ☐ An interest in the real property described in item 5 stands upon the records of the county, in the name of the following person other than the defendant:
   a. Name:
   b. Mailing address, if known, as shown by the records of the office of the county tax assessor (*specify*):

7. ☐ The real property on which the
   ☐ crops described in item 5 _____ are growing
   ☐ timber described in item 5 _____ to be cut is standing stands upon the records of the county in the name of
   a. Name:
   b. Address:

[SEAL]

Alan Carlson, Clerk of the court

Date: 10-19-15                        Clerk, by   T. V. Tallabas           , Deputy

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
AT-135 [Rev. January 1, 2003]

**WRIT OF ATTACHMENT**
(Attachment)

Code of Civ. Proc., § 488.010
American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit "4"
Page 28

EXHIBIT 4, PAGE 35

From: Mary De       Fax: (949) 851-3935        To:              Fax: (949) 476-4980       Page 2  of 2  05/15/2017 9:07 AM
Branch :H05,User :UC24                                    Comment:                                      Station ID :H5C4

File No:  110052637

## EXHIBIT "A"

Commonly known address: 14 San Sovino, Newport Coast, CA  92657

All that certain real property situated in the County of Orange, State of California, described as
follows:

A Condominium Comprised of:

Parcel 1:

An undivided 1/14th fee simple interest as a tenant in common in and to the "Common Area" as
shown on the Condominium Plan for Phase 11 of Ziani ("Phase 11") consisting of Lot 5 of Tract No.
16195, as shown on a Map recorded in Book 830, Pages 1 to 8 inclusive of Miscellaneous Maps, in
the Office of the County Recorder of said County, which Condominium Plan was recorded March 25,
2004 as Instrument No. 04-243876 of Official Records of said Orange County (the "Condominium
Plan").

Parcel 2:

Unit 63 of Phase 11, consisting of certain airspace and surface and subsurface elements, as shown
and described in the Condominium Plan.

Parcel 3:

Exclusive easements, appurtenant to Parcel 1 and Parcel 2 described above, for deck, porch and
patio purposes, as applicable, over a portion of Phase 11 as described in and shown on the
Condominium Plan and as described in the Declaration of Covenants, Conditions, Restrictions and
Reservation of Easements for Ziani ("Declaration") recorded October 15, 2002 as Instrument No.
02-908189 and the Supplemental Declaration of Covenants, Conditions, Restrictions, Reservation
of Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental Declaration") recorded March
25, 2004 as Instrument No. 04-24587, both of Official Records.

Parcel 4:

Non-exclusive easements for access, ingress, egress, enjoyment, utilities, encroachment, support,
maintenance and repairs, all as described in the abovementioned Declarations referred to in Parcel
3.

Assessor's Parcel No: 934-41-078

Exhibit "4"
Page 29

EXHIBIT 4, PAGE 36

### PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 810 E. Commonwealth Ave., Fullerton, CA 92831.

On January 18, 2017 I served the foregoing documents described as: **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT** on interested parties in this action by mailing and/or faxing a true copy thereof to the address and/or fax number indicated below:

Eric B. Strongin
**SMITH HALL STRONGIN, LLP**
999 Corporate Drive, Ste 220
Ladera Ranch CA 92694
FAX: 949.496.7253
estrongin@s-hlawyers.com

☒    BY MAIL as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Fullerton, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    PERSONAL SERVICE as follows:  On said date, I caused such envelope(s) to be delivered by hand to the said office of the addressee(s).

☐    FACSIMILE as follows:  On said date, I telefaxed a copy of the above-referenced document(s) to the addressee(s) at the number set forth beneath their above-listed address.  At the completion of the transmission, a Transmission Report was generated, confirming transmission and receipt by the addressee.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 18, 2017, at Fullerton, CA.

*Candace C. Kramer*
Candace C. Kramer

EXHIBIT  5

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
06/27/2017 at 11:03:40 AM
Clerk of the Superior Court
By Marc Samala, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 28 2017

DAVID H. YAMASAKI, Clerk of the Court

BY _____, DEPUTY

1  JEFFREY B. GARDNER, ESQ. (BAR NO. 115648)
   CATHY KNECHT ROBINSON, ESQ. (BAR NO. 226275)
2  ROBINSON, CHAVEZ, GARDNER & KINCANNON
   A PROFESSIONAL CORPORATION
3  2100 MAIN STREET, SUITE 330
   HUNTINGTON BEACH, CA 92648
4  PHONE: (949) 851-9111      FAX: (949) 851-3935

5

6  ATTORNEYS FOR PLAINTIFF
   VINCENT JUE
7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            COUNTY OF ORANGE COUNTY, CENTRAL JUSTICE CENTER

11

12  VINCENT JUE,                        CASE NO.: 30-2015-00793727

13            Plaintiff,                Unlimited Civil
                                        Complaint Filed: June 16, 2015
14        v.

15  MAGGIE JIA LIU and DOES 1 through 25,
    inclusive,                          [PROPOSED] JUDGMENT
16
            Defendants.
17
                                        Judge:  Hon. Geoffrey T. Glass
18                                      Dept.:   C-32

19

20

21

22

23  ///

24  ///

25  ///

26  ///

27  ///

28

                            1

                    [PROPOSED] JUDGMENT

1      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT judgment is entered in favor

2 of Plaintiff VINCENT JUE, an individual ("Plaintiff"), and against defendant MAGGIE JIA LIU, an

3 individual ("Defendant"), in the amount of Four-Hundred Eighty Thousand Dollars and No Cents

4 ($480,000.00), plus post judgment interest at the legal rate from the date this Judgment is entered as

5 allowed by law. Plaintiff is also entitled to any reasonable and necessary attorneys' fees and costs of

6 enforcing the Judgment as allowed by law.

7

8 Dated: _June 28, 2017_                                 

9                                       Hon. Geoffrey Glass
                                      Judge of the Superior Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

_____

[PROPOSED] JUDGMENT

**PROOF OF SERVICE**

1

2      I am employed in the County of Orange, State of California. I am over the age of 18 and not a

3   party to the within action. My business address is 2100 Main Street, Suite 330, Huntington Beach,

4   California 92648.

5      On June 27, 2017, I served the foregoing document described as **JUDGMENT** on the interested

6   parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8   Eric B. Strongin
    Smith Hall Strongin LLP

9   999 Corporate Ranch, Suite 220
    Ladera Ranch, CA 92694

10

11  [X]  BY MAIL: I am readily familiar with the firm's business practice of collection and processing

12      correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal
        Service on that same day with postage thereon fully prepaid at Huntington Beach, California in

13      the ordinary course of business. I am aware that on motion of the party served, service is
        presumed invalid if postal cancellation date or postage meter date is more than one day after date

14      of deposit for mailing in affidavit.

15

16  [X]  STATE: I declare under penalty of perjury under the laws of the State of California that the
        above is true and correct.

17

18  Executed on June 27, 2017, at Huntington Beach, California.

19

20                                      Mary De

21

22

23

24

25

26

27

28

3

**JUDGMENT**

Exhibit "5"
Page 33

EXHIBIT 5, PAGE 40

EXHIBIT  6

CIV-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>CATHY K. ROBINSON, ESQ. (Bar No. 2<br>ROBINSON, CHAVEZ, GARDNER & KINCANNON, APC<br>2100 Main Street, Suite 330<br>Huntington Beach, CA 92648<br>TELEPHONE NO.: 949-851-9111    FAX NO. *(Optional)*: 949-851-3935<br>E-MAIL ADDRESS *(Optional)*: Cathy.Robinson@rcgklaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Vincent Jue | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**07/12/2017** at 11:38:00 AM<br>Clerk of the Superior Court<br>By Alan Silva, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER:  VINCENT JUE

DEFENDANT/RESPONDENT:  MAGGIE JIA LIU

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>30-2015-00822379-CU-CL-CJC |

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK:  Please **dismiss** this action as follows:
   a. (1) ☒ With prejudice    (2) ☐ Without prejudice
   b. (1) ☒ Complaint    (2) ☐ Petition
       (3) ☐ Cross-complaint filed by *(name)*:               on *(date)*:
       (4) ☐ Cross-complaint filed by *(name)*:               on *(date)*:
       (5) ☒ Entire action of all parties and all causes of action
       (6) ☐ Other *(specify)*:*

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☐ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: July 12, 2017

CATHY K. ROBINSON, ESQ.
..........................................................
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
▶ _____ (SIGNATURE)
Attorney or party without attorney for: Vincent Jue

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.
   ☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
   ☐ Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:
..........................................................
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
▶ _____ (SIGNATURE)
Attorney or party without attorney for:

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).
   ☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
   ☐ Cross-Complainant

*(To be completed by clerk)*
4. ☒ Dismissal entered as requested on *(date)*: 07/12/2017
5. ☐ Dismissal entered on *(date)*:         as to only *(name)*:
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☐ Attorney or party without attorney notified on *(date)*:
   b. ☐ Attorney or party without attorney not notified.  Filing party failed to provide
       ☐ a copy to be conformed ☐ means to return conformed copy

Date: 07/12/2017    David H. Yamasaki, Clerk of the Court    Clerk, by _____, Deputy
                                                  A. Silva

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]
**REQUEST FOR DISMISSAL**
Legal Solutions Plus
Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390

EXHIBIT  7



RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO

WENDY SHI, *Attorney at Law*
Sophus Law
15615 Alton Parkway, Suite 450,
Irvine, California 92618

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||  12.00
* $ R 0 0 0 7 8 9 3 3 4 7 $ *
**2015000538282 11:29 am 10/14/15**
37 416 G02 F13    2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

# GRANT    DEED

The undersigned Grantors declare that this conveyance transfers Grantor's interest to Grantor's revocable living trust for zero ("0")
consideration. This transaction is exempt from the Documentary Transfer Tax pursuant to R & T §11930. This transaction is
excluded from reappraisal under Proposition 13, i.e., Calif. Const. Art. 13A § 1 et. seq.

**Assessor's Parcel Number: 934-41-078**

**GRANTOR:**          **Maggie Jia Liu, a single woman**

**hereby  GRANTS to:**  **Alice Yihan Liu and Christian Liu, , as co-Trustees of the LUMINA**

**the GRANTEE**       **Living Trust, U/A dated October 14, 2015**

the following described real property in the City of Newport Coast, County of Orange, State of California:

Legal description attached hereto as Exhibit "A" and made a part hereof.

Executed on October 14, 2015, in Orange County, California.

MAGGIE JIA LIU

---

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF CALIFORNIA
COUNTY OF ORANGE

On October 14, 2015, before me, Lacy Walker, a Notary Public, personally appeared Maggie Jia
Liu, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. WALKER
Commission No. 2025067
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires MAY 18, 2017

_____
Notary Public Signature                                    Notary Public Seal

**EXHIBIT 7, PAGE 42**



File No:  110052837

# EXHIBIT "A"

All that certain real property situated in the County of Orange, State of California, described as follows:

A Condominium Comprised of:

Parcel 1:

An undivided 1/14th fee simple interest as a tenant in common in and to the "Common Area" as shown on the Condominium Plan for Phase 11 of Ziani ("Phase 11") consisting of Lot 5 of Tract No. 16195, as shown on a Map recorded in Book 830, Pages 1 to 8 inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County, which Condominium Plan was recorded March 25, 2004 as Instrument No. 04-245876 of Official Records of said Orange County (the "Condominium Plan").

Parcel 2:

Unit 63 of Phase 11, consisting of certain airspace and surface and subsurface elements, as shown and described in the Condominium Plan.

Parcel 3:

Exclusive easements, appurtenant to Parcel 1 and Parcel 2 described above, for deck, porch and patio purposes, as applicable, over a portion of Phase 11 as described in and shown on the Condominium Plan and as described in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Ziani ("Declaration") recorded October 15, 2002 as Instrument No. 02-888189 and the Supplemental Declaration of Covenants, Conditions, Restrictions, Reservation of Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental Declaration") recorded March 25, 2004 as Instrument No. 04-24587, both of Official Records.

Parcel 4:

Non-exclusive easements for access, ingress, egress, enjoyment, utilities, encroachment, support, maintenance and repairs, all as described in the abovementioned Declarations referred to in Parcel 3.

Assessor's Parcel No: 934-41-078

EXHIBIT 8

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO

Maggie Jia Liu
14 San Sovino
Newport Coast,
California 92657

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

12.00

* $ R 0 0 0 8 4 6 1 4 3 5 $ *
2016000276836 3:08 pm 06/17/16
48 413 G02 F13    2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

# GRANT   DEED

The undersigned Grantors declare that this conveyance transfers Grantor's interest to Grantor's revocable living trust for zero ("0")
consideration. This transaction is exempt from the Documentary Transfer Tax pursuant to R & T §11930. This transaction is
excluded from reappraisal under Proposition 13, i.e., Calif. Const. Art. 13A § 1 et. seq.

Assessor's Parcel Number: 934-41-078

GRANTOR:        Alice Yihan Liu, as Trustee of the LUMINA Living Trust,
                U/A dated October 14, 2015

hereby GRANTS to:    Maggie Jia Liu, a single woman
the GRANTEE

the following described real property in the City of Newport Coast, County of Orange, State of California:

Legal description attached hereto as Exhibit "A" and made a part hereof.

Executed on _6/3/16_ , in Orange County, California.

_Trustee_

Alice Yihan Liu

> A notary public or other officer completing this certificate verifies only the identity of the individual
> who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or
> validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE

On ~~October~~ June 3, 2016 , before me, _Sean Angier_ , a Notary Public,
personally appeared Alice Yihan Liu, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

SEAN ANGIER
Commission # 2051070
Notary Public - California
Orange County
My Comm. Expires Mar 8, 2018

File No:  110052837

# EXHIBIT "A"

All that certain real property situated in the County of Orange, State of California, described as follows:

A Condominium Comprised of:

Parcel 1:

An undivided 1/14th fee simple interest as a tenant in common in and to the "Common Area" as shown on the Condominium Plan for Phase 11 of Ziani ("Phase 11") consisting of Lot 5 of Tract No. 16195, as shown on a Map recorded in Book 830, Pages 1 to 8 inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County, which Condominium Plan was recorded March 25, 2004 as Instrument No. 04-245876 of Official Records of said Orange County (the "Condominium Plan").

Parcel 2:

Unit 63 of Phase 11, consisting of certain airspace and surface and subsurface elements, as shown and described in the Condominium Plan.

Parcel 3:

Exclusive easements, appurtenant to Parcel 1 and Parcel 2 described above, for deck, porch and patio purposes, as applicable, over a portion of Phase 11 as described in and shown on the Condominium Plan and as described in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Ziani ("Declaration") recorded October 15, 2002 as Instrument No. 02-888189 and the Supplemental Declaration of Covenants, Conditions, Restrictions, Reservation of Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental Declaration") recorded March 25, 2004 as Instrument No. 04-24587, both of Official Records.

Parcel 4:

Non-exclusive easements for access, ingress, egress, enjoyment, utilities, encroachment, support, maintenance and repairs, all as described in the abovementioned Declarations referred to in Parcel 3.

Assessor's Parcel No: 934-41-078

Document Number: 2015000538282 Page: 2 of 2

EXHIBIT 9

Branch :A14    User :AGOR

| Recording Requested By | |
| --- | --- |
| Name:<br>Von Esch & Von Esch<br><br>Address:<br>810 E. Commonwealth Ave.<br><br><br>City, State, Zip Code<br>Fullerton CA  92831 | **Recorded in Official Records, Orange County**<br>**Hugh Nguyen, Clerk-Recorder**<br>‖‖‖‖‖‖‖‖‖‖‖ 21.00<br>* $ R 0 0 0 8 0 1 5 5 1 3 $ *<br>**2015000624919** 1:57 pm **12/09/15**<br>**227 417 N25 F13    5**<br>**0.00 0.00 0.00 0.00 12.00 0.00 0.00 0.00** |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

### Title of Document

---

NOTICE OF PENDENCY OF ACTION

---

NOTICE REQUESTED BY
AND WHEN RECORDED MAIL TO:

VON ESCH & VON ESCH
Mark F. Von Esch
810 E. Commonwealth Ave.
Fullerton, CA 92831

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/30/2015** at 03:49:00 PM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

_____ SPACE ABOVE THIS LINE FOR RECORDERS USE _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | | |
|---|---|---|
| Vincent Jue, | ) | Case No.: 30-2015-00822379 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | NOTICE OF PENDENCY |
| | ) | OF ACTION |
| MAGGIE JIA LIU, ALICE YIHAN | ) | |
| LIU, Trustee of the Lumina Trust, CHRISTIAN | ) | |
| LIU, Trustee of the Lumina Trust and DOES | ) | |
| 1 through 25, inclusive, | ) | |
| | ) | |
| Defendants | ) | |

Notice is given that the above-entitled action was filed in the above-captioned

Court by VINCENT JUE. The action affects title to specific real property and seeks

to SET ASIDE FRAUDULENT TRANSFER of the property described in the

Complaint.

The herein action relates to the real property commonly known as

14 San Sovino, Newport Coast CA and legally described as:

Parcel 1:

*An undivided 1/14th fee simple interest as a tenant in common in and to*

*the "Common Area" as shown on the Condominium Plan for Phase 11*

NOTICE OF PENDENCY OF ACTION                              1

EXHIBIT 9 , PAGE 47

*of Ziani ("Phase 11") consisting of Lot 5 of Tract NO. 16195, as shown*

*on a Map recorded in Book 830, Pages 1 to 8 inclusive of*

*Miscellaneous Maps, in the Office of the County Recorder of Said*

*County, which Condominium Plan was recorded March 25, 2004 as*

*Instrument No. 04-245876 of Official Records of said Orange County*

*(the "Condominium Plan).*

Parcel 2

*Unit 63 of Phase 11, consisting of certain airspace and surface and*

*subsurface elements, as shown and described in the Condominium*

*Plans.*

Parcel 3

*Exclusive easements, appurtenant to Parcel 1 and Parcel 2 descried*

*above, for deck, porch and patio purposes, as applicable, over a portion*

*of Phase 11, as described in and shown on the Condominium Plan and*

*as described in the Declaration of Covenants, Conditions, Restrictions*

*and Reservation of Easements for Ziani ("Declaration") recorded*

*October 15, 2002 as Instrument No. 02-888189 and the Supplement*

*Declaration of Covenants. Conditions, Restrictions, Reservation of*

*Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental*

*Declaration") recorded March 25, 2004 as Instrument No. 04-24587,*

*both of Official Records*

Parcel 4

NOTICE OF PENDENCY OF ACTION                    2

EXHIBIT 9 , PAGE 48

Branch :A14    User :AGOR

*Non-exclusive easements for access, ingress, egress, enjoyments,*

*utilities, encroachment, support, maintenance and repairs, all described*

*in the above-mentioned Declaration referred to in Parcel 3.*

APN: 934-41-078

Date: 11/3v/15                              VON ESCH & VON ESCH

                                  By: _____
                                      Mark F. Von Esch
                                      Attorney for Plaintiff

NOTICE OF PENDENCY OF ACTION                        3

ORANGE, CA  Document:LP 2015.624919                    Page:4 of 5
Printed on:11/27/2018 4:50 PM

EXHIBIT 9 , PAGE 49

I hereby certify the foregoing instrument consisting of 3 page(s)
is a true and correct copy of the original on file in this court.

ATTEST: (DATE)____ DEC 0 8 2015 ____
ALAN CARLSON, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY _____ , DEPUTY

Patty Conde

EXHIBIT 9 , PAGE 50

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 27, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
- Laila Masud    lmasud@marshackhays.com, 8649808420@filings.docketbird.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)       , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 27, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 27, 2018 | Layla Buchanan | Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.