1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Plaintiff and Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10

11  In re                                    Case No. 8:17-bk-12832-CB

12  MAGGIE LIU,                              Chapter 7

13           Debtor.                         Adv. No. 8:18-ap-01066-CB

14  _____         REPLY TO DEFENDANT'S OPPOSITION
                                             TO PLAINTIFF'S MOTION FOR
15  RICHARD A. MARSHACK, as Chapter 7        SUMMARY JUDGMENT
16  Trustee,
                                             Date:     February 12, 2019
17           Plaintiff,                      Time:     1:30 p.m.
                                             Ctrm:     5D
18  v.

19  VINCENT JUE,

20           Defendant.
    _____

21

22  TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY COURT

23  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANT AND HIS

24  COUNSEL OF RECORD, AND ALL INTERESTED PARTIES:

25       Richard A. Marshack, in his capacity as Plaintiff and Chapter 7 Trustee ("Trustee" or

26  "Plaintiff") for the bankruptcy estate of Maggie Liu ("Debtor"), respectfully submits this reply

27

28

                                        2

("Reply") to Defendant, Vincent Jue's ("Defendant") opposition ("Opposition") to Plaintiff's motion for summary judgment ("Plaintiff's MSJ") as follows:

## I.    Summary of Argument

Without exception, Trustee has proven every element of his preference action by facts which are not in dispute. Additionally, Defendant fails to raise any recognized affirmative defense set forth in Section 547(c). Instead, Defendant opposes the Trustee' MSJ because he disagrees about the legal effect of the undisputed facts. Yet, Defendant fails to raise a single meritorious argument or defense which prevents this Court from entering judgment in favor of the Trustee. In sum, because the material facts are not in dispute, and the law is unambiguously in favor of the Trustee, judgment should be entered for the Trustee.

## II.    Factual Background

On November 5, 2018, as Dk. Nos. 19 and 20, Defendant filed his motion for summary judgment and separate statement of uncontroverted facts and conclusions of law ("Defendant's MSJ"). On November 27, 2018, as Dk. Nos. 23 and 24, Plaintiff filed his motion for summary judgment and separate statement of uncontroverted facts and conclusions of law ("Plaintiff's MSJ").

On January 21, 2019, as Dk. No. 60, Defendant filed his opposition to Plaintiff's MSJ ("Opposition"). Also, on January 21, 2019, as Dk. No. 62, Plaintiff filed his opposition to Defendant's MSJ.

## III.    Defendant cannot rely on his cross-motion for summary judgment as a basis for denying Plaintiff's MSJ.

A summary judgment "shall be rendered" when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017). "[A]ll justifiable inferences" of fact should be drawn in favor of the nonmoving party. *Anderson*, 477 U.S. at 255.

Even when all justifiable factual inferences are drawn in favor of Defendant, Plaintiff should be granted summary judgment. There is no basis in the Bankruptcy Code to allow a creditor to

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

4850-9738-3302, v. 1

1 preserve a lien which is otherwise avoidable under the Trustee's strong-arm powers. While

2 Defendant claims that his affirmative defenses are uncontroverted by Plaintiff's MSJ, the proper

3 form for Plaintiff to provide opposing arguments to Defendant's MSJ was in a responsive opposition

4 to Defendant's MSJ. As explained in Plaintiff's opposition to Defendant's MSJ, the affirmative

5 defenses in Defendant's MSJ are meritless and largely amount to a collateral attack on this Court's

6 prior order denying the motion to dismiss the bankruptcy case. Defendant's Opposition is largely a

7 rehash of Defendant's MSJ, and attempts to dress-up disputed conclusions of law as disputed

8 statements of fact. *See Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) ("the Court

9 is not required 'to accept as true a legal conclusion couched as a factual allegation.'") (citing

10 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A.    Trustee committed no statutory-violation-constituting-unclean-hands[1] by arguing against dismissal under 11 U.S.C. § 109(g)(2).**

13 Defendant claims that "[t]he unequivocal 'may not be a debtor' language of 11 USC

14 §109(g)(2) is mandatory, not discretionary." Opposition [Dk. 60] at 2:5-6. This exact argument was

15 expressly rejected by the Ninth Circuit as producing "an illogical and unjust result." *In re Luna*, 122

16 B.R. 575, 577 (B.A.P. 9th Cir. 1992).

17 Defendant continues to argue that the Trustee should not have argued that the language of 11

18 U.S.C. § 109(g)(2) was discretionary, as opposed to mandatory, and that Trustee's position based on

19 the Ninth Circuit case of *In re Luna* was a "statutory violation." But Defendant presents no legal

20 basis for such a claim. As explained in Plaintiff's opposition to Defendant's MSJ, Defendant's

21 argument has no merit.

**B.    A hypothetical petition date provides no factual basis for denial of Plaintiff's MSJ.**

24 The preference period of 11 U.S.C. § 547 is calculated as of the petition date, and includes

25 the petition date, and the ninety days prior to the petition date. 11 U.S.C. § 547(b)(4)(A); *See MBNA*

[1] Rule as stated in the Opposition, page 4, lines 18-19.

1  *America v. Locke (In re Greene)*, 223 F.3d 1064, 1068-72 (9th Cir. 2000) (describing, in

2  excruciating detail, the method of calculating the preference period based on the *petition date*).

3        Defendant argues that the preference period should be calculated based on a hypothetical

4  petition date – one that is premised on a dismissal that never occurred, and was in fact denied by this

5  Court. As fully explained in Plaintiff's opposition to Defendant's MSJ, such arguments constitute an

6  impermissible collateral attack against this Court's prior order.

7      **C.**      **The Court has no equitable authority to contravene the express**

8                 **provisions of 11 U.S.C. § 547.**

9        Defendant argues that equity demands the Court to "not allow Vincent to be prejudiced" by

10  the avoidance of his preferential lien. Defendant presents no legal basis for the Court to exercise its

11  equitable powers in this fashion. Indeed, the Court does *not* have the equitable authority to modify

12  remedies under the Bankruptcy Code. *See, e.g., Rainsdon v. American First Federal Credit Union*

13  *(In re Power)*, 2017 Bankr. LEXIS 3151 at *12-13 (Bankr. D. Idaho 2017) (declining to modify the

14  safe harbor provision of 11 U.S.C. § 547(e) because "the relative equities are dictated by the

15  Bankruptcy Code" in this circumstance). As such, Defendant's argument, that "the Court also has

16  discretion to decline, on equitable grounds, to avoid the recording of Vincent's Writ of Attachment,"

17  *see* Opposition at 10, has no basis in law.

18      **D.**      **The recordation of a *lis pendens* does not create a property right.**

19        Defendant argues that the recordation of a *lis pendens* "creates an interest in property that is

20  not avoidable as a preferential transfer." Opposition at 13:6-8. This is an argument flatly

21  contradicted by caselaw. *Integrated Lender Servs., Inc. v. County of Los Angeles*, 22 Cal.App.5th

22  867, 877 (2018) ("A lis pendens does not give [Defendant] any rights in the property in and of

23  itself."). A lis pendens does not create any property right for Defendant, it only provides constructive

24  notice of a pending lawsuit. *Id.*

25        Moreover, in this case, Defendant dismissed the action referenced in the *lis pendens* with

26  prejudice prior to the bankruptcy. As such, although the *lis pendens* remains a cloud slandering the

27  Estate's title, it does not provide constructive notice of anything other than a dismissed case. Lastly,

28

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

4841-4413-1202, v. 1

1   the judgment obtained by Defendant was only a judgment for money and was not a judgment on a

2   real property claim that would have been necessary for anything to relate back to the *lis pendens.*

3   ### E.   Defendant's argument regarding relation back of an attachment to a

4   ### right to attach order is not an "open question under California state

5   ### law."

6       For purposes of determining whether a transfer is preferential, Section 547(e) provides that a

7   transfer is deemed to occur at the time of recording if the transfer is perfected by recording more

8   than 30 days after the time such transfer took effect between the parties. In this case, the right to

9   attach order was entered on February 1, 2017[2], but the writ of attachment was not recorded until

10   June 8, 2017. Because it was not recorded until more than 30 days after its issuance, it is deemed to

11   have occurred upon recording which date was within 90 days prior to the bankruptcy.

12       Moreover, a lien is created by "contract of the parties" or by "operation of law." Cal. Civ.

13   Code § 2881; *see, e.g., Cetenko v. United California Bank*, 30 Cal.3d 528, 534 (1982). "An

14   attachment lien is created when the creditor files a notice of attachment or otherwise levies on the

15   property." *Diamant*, 165 F.3d at 1246; Cal. Code Civ. Proc. § 488.500(a).

16       Also, an attachment lien created under CCP § 488.500 only relates back to the creation of an

17   earlier lien in two circumstances: if the earlier lien was either 1) "the lien of a temporary protective

18   order," or 2) "a lien under Article 1 (commencing with Section 491.110) of Chapter 11."[3] Cal. Code

19   Civ. Proc. § 488.500(e). A right to attach order does not create an attachment lien; there is an

20   unambiguous distinction between a right to attach order and a subsequent writ of attachment in

21   California statutes.[4] The former permits the creation of a lien (i.e. the authority of the court to record

22   a notice of attachment) and the latter provides the method for such creation (i.e. the actual recording

23

24

---

25   [2] A hearing was held on Defendant's application for a right to attach order on September 21, 2015.

26   [3] Section 491.110 et seq. concerns so-called ORAP liens. Because ORAP liens are not at issue in this case, this Reply

27   will not discuss ORAP liens' inapplicability other than this footnote.

28   [4] *See* Cal. Code Civ. Proc. § 484.050(d) ("If the right to attach order is issued, a writ of attachment will be issued to
attach the property described in the plaintiff's application unless the court determines that such property is exempt from
attachment…"); Cal. Code Civ. Proc. § 484.090.

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

4841-4413-1202, v. 1

1  creates the lien). If no writ of attachment is ever recorded, then the attaching creditor never obtains a

2  lien against real property.

3       Defendant argues that "where a temporary protective order has been issued, and thereafter an

4  attachment lien is created, 'the priority of the attachment lien relates back to the date the earlier lien

5  … was created.'" Opposition at 14:24-27. Defendant then argues that, "by analogy," an attachment

6  lien relates back to a right to attach order. Opposition at 14:27-28. This argument, however, has no

7  basis in law and is flatly contradicted by the plain meaning of the attachment statutes. The reason an

8  attachment lien relates back to the earlier recording of a lien arising from the recording of a

9  temporary protective order is that it is specifically provided for by statute.

10      Defendant does not cite any legal authority in support of his proposition that an attachment

11 lien could ever relate back to the date a court issued a right to attach order (which does not create a

12 lien). In other words, there is no earlier lien in this case to which the attachment lien could relate

13 back. California statutes simply do not provide for the relation-back of an attachment lien to a right

14 to attach order. It is not an "open question" as to whether a right to attach order creates an

15 attachment lien – there is simply no legal basis for this argument.

16      The plain language of the statute defines when an attachment lien arises:

17      "(a)  A levy on property under a writ of attachment creates an attachment lien on the

18      property from the time of levy until the expiration of the time provided by Section

19      488.510."

20 CCP § 488.500(a).

21      The method to levy on real property is to record a copy of the notice of attachment with the

22 County Recorder.

23      "To attach real property, the levying officer shall comply with Section 700.015 and

24      the recorder shall index the copy of the writ of attachment and a notice of attachment

25      as provided in that section."

26 CCP § 488.315.

27

28

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

4841-4413-1202, v. 1

1    California has a race-notice statute. *See*, California Civil Code § 1214. In other words, the

2  first to record has priority over subsequent recordings. As such, Plaintiff's argument that his

3  attachment lien can relate back to something that was never recorded fails. Additionally, such an

4  argument would be defeated by the Trustee's powers as a hypothetical bona fide purchaser pursuant

5  to Section 544(a)(3).

6    Lastly, Defendant's argument is contradicted by the plain meaning of CCP § 493.030(b)

7  which provides that a bankruptcy filed within 90 days after the creation of an attachment lien

8  terminates such a lien. If such an attachment lien could relate back to a right to attach order issued

9  outside the preference period, then the statute would have so provided. But, instead, the statute is

10  clear that an attachment lien terminates if created within 90 days of a bankruptcy.

11    Because Defendant fails to cite any authority for the proposition that his attachment lien can

12  relate back to the date of his unrecorded right to attach order, he has failed to meet his burden of

13  proof and this affirmative defense fails.

14  **IV.    Conclusion**

15    Even when all justifiable inferences of fact are drawn in favor of Defendant based on his

16  Opposition, there is no genuine dispute of material fact. Plaintiff has made showing of all elements

17  of a preferential transfer, and Defendant's unsupported legal arguments regarding the relation back

18  of his attachment lien have no basis in any case, statute, or permissible equitable principle. As such,

19  Plaintiff's MSJ should be granted and Defendant's MSJ should be denied.

20

21  Dated:  January 29, 2019                    MARSHACK HAYS LLP

22                                      /s/ D. Edward Hays
                                    By:_____
23                                        D. EDWARD HAYS
                                         LAILA MASUD
24                                        Attorneys for Plaintiff and Chapter 7 Trustee,
                                         RICHARD A. MARSHACK
25

26

27

28

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

4841-4413-1202, v. 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 29, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **ATTORNEY FOR PLAINTIFF AND CHAPTER 7 TRUSTEE:** D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- **ATTORNEY FOR DEFENDANT VINCENT JUE:** Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- **ATTORNEY FOR PLAINTIFF AND CHAPTER 7 TRUSTEE:** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com
- **ATTORNEY FOR PLAINTIFF AND CHAPTER 7 TRUSTEE:** Laila Masud    lmasud@marshackhays.com, 8649808420@filings.docketbird.com
- **UST:** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 29, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**The Honorable Catherine E. Bauer – via personal delivery**
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 29, 2019 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

4826-2353-8793, v. 1